IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TRAVISE HULEY,

                     Plaintiff

      VS.

BILL MASSEE, *et al.*,

                    Defendants

NO. 5:07-CV-56 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

Before the court are a number of motions in the above-styled case, including three motions to compel discovery which have been filed by the plaintiff TRAVISE HULEY (Tabs #20, #21, and #27); plaintiff's motion for leave to file an amended complaint (Tab #22); defendant Richard Giddens' motion for extension of time to file dispositive motions (Tab #23); and, defendant motion to stay the proceedings in this case (Tab #19).

The plaintiff's motions to compel discovery do not come with any showing that the plaintiff has made a good faith effort to obtain the requested information without the assistance of the court, as required by Local Rule 37.[1] Accordingly the plaintiff's motions to compel are **DENIED**.

The plaintiff's motion for leave to file an amended complaint asks the court permit him to amend his complaint to include claims against the defendants in their individual capacities. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . ." The defendants have not filed a responsive pleading in this case, instead electing to file pre answer motions to dismiss. Tabs #10 and #11. The Eleventh Circuit has held that motions to dismiss are not responsive pleadings for the purposes of Rule 15(a). ***Fortner v. Thomas***, 983 F.2d 1024, 1032 (11th Cir. 1993). Accordingly, the plaintiff's motion to amend to include the defendants in their individual capacities is **GRANTED**.

---

[1]Local Rule 37 provides as follows:
    Motions to compel disclosure or discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action.

Defendant RICHARD GIDDENS' motion to stay the proceedings (Tab #19) asks that the court stay the proceedings until such time as the court rules on his motion to dismiss the action, noting that if the court were to rule in his favor on any of his contentions in his motion, the case could be resolved without the necessity of discovery.  Defendant Giddens' motion is **GRANTED;** discovery shall not begin as to defendant Giddens until after the district judge rules on any recommendation regarding Giddens' motions to dismiss.

Finally, defendant BILL MASSEE has filed a motion for enlargement of time to file dispositive motions.  Tab #23. That motion is **GRANTED,** and defendant Massee shall have THIRTY (30) DAYS after the district court rules on his motion to dismiss in which to file a dispositive motion.

SO ORDERED this 21st  day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE