IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TRAVISE HULEY,

          Plaintiff

VS.

Sheriff BILL MASSEE, *et al.*,

          Defendants

NO. 5:07-CV-56 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION ON MOTIONS TO DISMISS

Plaintiff TRAVISE HULEY brought the above-captioned action against defendants Sheriff BILL MASSEE and RICHARD GIDDENS alleging that these defendants caused him to be illegally incarcerated for forty-three (43) days in violation of his constitutional rights. Tab #1. In response to these allegations, the defendants each filed a motion seeking dismissal. Tab #10 and Tab #11. With respect to these motions, plaintiff Huley was ordered to file (Tab #12) and has filed responses (Tabs #13, #37, #38, and #49). The defendants have replied to these responses. Tabs #14, #42, and #50.

**PROCEDURAL AND FACTUAL BACKGROUND**

In his complaint, plaintiff Huley alleges that on January 28, 2005, he was arrested and detained in the Baldwin County Jail. Two weeks later, while still in custody, he was visited by defendant Giddens, a Baldwin County Probation Officer. During the visit, defendant Giddens presented the plaintiff with a document explaining that his detention was the result of his failure to report to the jail as required by a condition of the plaintiff's probation. After reading the document, plaintiff explained to defendant Giddens that he *had* timely reported to the jail in the exact manner required by the applicable condition of probation. He then explained to defendant Giddens that when he reported to the jail, he spoke with a deputy and explained his presence. The deputy then phoned District Attorney Consino and informed him of the plaintiff's presence. At the conclusion of the phone conversation, the deputy told plaintiff Huley that he was free to go. Having heard the plaintiff's explanation, defendant Giddens advised the plaintiff that he should get a lawyer.

Thereafter, plaintiff Huley offered this same explanation to his appointed defense counsel John Bradley. Also included in the explanation to Bradley was the plaintiff's assertion that, prior to the meeting with defendant Giddens, he had sent three (3) written letters of grievance to defendant Massee, his custodian at the Baldwin County Jail. These letters were returned to the plaintiff without any response.

Plaintiff also notes that on three (3) separate occasions during his incarceration he was transported to the Superior Court of Baldwin County for the purpose of attending a hearing. Each time, however, the hearing was continued on account of either Bradley or Consino's absence. On March 11, 2005, the plaintiff was brought to court for the fourth time. On this occasion, a hearing was actually held. During the hearing, Consino told the court that the plaintiff had properly complied with the requirement to report to the jail and that he had instructed the deputy to tell the plaintiff that he was free to go. Consequently, the plaintiff was adjudicated not guilty and released from custody.

As a result of the allegedly unlawful incarceration, plaintiff Huley avers that he is suffering from a variety of mental ailments. In view of his alleged injuries, the plaintiff filed the instant action. By way of damages, plaintiff Huley seeks monetary relief in the amount of one-million-forty-three-thousand-dollars ($1,043,000.00) as well an unspecified amount in punitive damages.

## LEGAL STANDARDS

### A. MOTION TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228

(11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### DISCUSSION AND CONCLUSION

In view of the facts outlined above, and after a careful review of the defendants' motions seeking dismissal, the plaintiff's responses, the defendants' replies, and the other pertinent pleadings of record, the undersigned concludes that further factual development is necessary in this action. Accordingly, **IT IS RECOMMENDED** that the defendants' motions seeking dismissal be **DENIED** at this time. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 22nd day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE