# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **TRAVISE HULEY,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:07-cv-56 (HL) |
| **Probation Officer RICHARD GIDDENS and Sheriff BILL MASSEE,** | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Claude W. Hicks Jr., entered January 22, 2010 (Doc. 55), in which recommends that the Motions to Dismiss filed by Defendants Giddens (Doc. 10) and Massee (Doc. 11) be denied.

In his Motion to Dismiss, Defendant Massee raised several defenses. He argued that the Eleventh Amendment bars any claims against the Baldwin County Sheriff's Office, that the complaint fails to state a claim because in his official capacity he is not a "person" within the meaning of 42 U.S.C. § 1983, that the plaintiff has failed to effect service on him in his official capacity, and that the Prison Litigation Reform Act ("PLRA") bars the plaintiff's claims because the plaintiff did not allege any physical injury.

Defendant Giddens also raised several defenses in his Motion to Dismiss. Specifically, he argued that the plaintiff's claims are barred, in part, by the applicable statute of limitations, that the plaintiff fails to allege a constitutional violation against him, that the plaintiff failed to show an injury in fact under the PLRA, and that the plaintiff's claims are barred by qualified immunity.

The Magistrate Judge "conclude[d] that further factual development is necessary in this action," after "a careful review of the defendants' motions seeking dismissal, the plaintiff's responses, the defendants' replies, and the other pertinent pleadings of record." (Doc. 55). He then recommended that the Motions to Dismiss be denied.

Defendant Massee has filed an objection to the Recommendation, and again raises his Eleventh Amendment, cognizable claim, and PLRA arguments. Defendant Giddens has also filed an objection, wherein he argues that the allegations of the complaint fail to state a claim for relief, that the plaintiff's claim is barred by the statute of limitations, that he is entitled to qualified immunity, and that plaintiff's claims for compensatory and punitive damages are barred by the PLRA.[1]

---

[1] Defendant Giddens raises several new arguments in his objection. He contends that he is entitled to Eleventh Amendment immunity, that in his official capacity he is not a "person" pursuant to 42 U.S.C. § 1983, that any state law claims are barred by the Georgia Tort Claims Act, and that he is entitled to quasi-judicial absolute immunity from suit. While district courts may consider new evidence and legal argument raised for the first time in an objection to a recommendation, they are under no obligation to do so. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court declines to consider these new legal arguments, and the Magistrate Judge should not consider them on remand either.

At no point in the Recommendation are Defendants' numerous defenses addressed. The Court believes these defenses merit careful consideration, and the Recommendation does not make sufficient findings with respect to any of the defenses. As a result, it is necessary to remand this matter to the Magistrate Judge for further consideration. The Magistrate Judge is instructed to consider and make written findings as to each defense raised by Defendants in their Motions to Dismiss, which are outlined in this Order. The Recommendation is rejected.

**SO ORDERED**, this the 22nd day of February, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh